**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL S. YELLEN, | No. 14-16899 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-00338-DKW-KSC |
| v. | |
| RANDY GRUNE; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted August 16, 2016[**]

Before:     O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Michael S. Yellen appeals pro se from the district court's judgment

dismissing his action alleging claims under the Fourteenth Amendment and the

Americans with Disabilities Act ("ADA") arising out of defendants' allegedly

unequal enforcement of ADA accessibility regulations.  We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Canatella v. California*, 304 F.3d 843, 852 (9th Cir. 2002) (dismissal for lack of standing). We affirm.

The district court properly dismissed Yellen's Fourteenth Amendment claims because Yellen failed to allege facts sufficient to show that defendants treated him differently from other similarly situated taxi cab and tour company owners. *See N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (setting forth elements of "class of one" equal protection claim); *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003) (setting forth the elements of a procedural due process claim); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citation omitted)).

The district court properly dismissed Yellen's ADA claim because Yellen is not a disabled individual and thus has no standing to bring an action under the ADA. *See Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (setting forth elements of standing under Title III of the ADA).

We do not consider Yellen's argument that he should have been given an

opportunity to conduct discovery prior to the dismissal of his Third Amended Complaint because it was not properly raised before the district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**